UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SARAH CLARK,

    Plaintiff,

vs.

RISE AGAIN RECOVERY AND WELLNESS,
LLC, a Florida limited liability company, and
NOGA BEHAR, an individual,

    Defendants.

_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff SARAH CLARK ("Plaintiff"), who was an employee of Defendants RISE AGAIN RECOVERY AND WELLNESS, LLC, a Florida limited liability company, and NOGA BEHAR, an individual (together, "Defendants"), and files this Complaint for unpaid minimum and overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### **I.    JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' valet operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II. PARTIES

3. Plaintiff SARAH CLARK ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant RISE AGAIN RECOVERY AND WELLNESS, LLC ("Rise Again") is a Florida limited liability company that owns and operates the Rise Again Recovery and Wellness facility that employed Plaintiff, located at 550 Northeast 125th Street, North Miami, Miami-Dade County, Florida.

5. Defendant NOGA BEHAR ("Behar"), an individual and *sui juris*, is a manager and president of Rise Again. Behar acted directly and indirectly in the interest of Rise Again and had the power to direct employees' actions. Behar had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over company policy relating to employee wages and whether to compensate (or not to compensate) employees at Rise Again in accordance with the FLSA, making Defendant Noga Behar an employer pursuant to 29 USC § 203(d).

## III. COVERAGE

6. During the all material times, Defendant RISE AGAIN RECOVERY AND WELLNESS, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling,

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

8. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.     FACTUAL ALLEGATIONS

9. Defendants own and operate the drug addiction treatment center at which Plaintiff was employed, in Miami-Dade County, Florida.

10. This action is brought pursuant to the FLSA for unpaid minimum and overtime wage compensation, liquidated damages, and other relief.

11. Plaintiff was a non-exempt hourly employee who worked for Defendants as a behavioral health counselor during the period from October, 2016 to December 11, 2016, approximately.

12. Plaintiff was not paid for all hours worked throughout this period.

13. Plaintiff was not paid at the overtime rate of one-and-a-half times her regular rate of pay for hours worked in excess of 40 per week.

14. Plaintiff was not paid any portion of her final weekly paycheck for several weeks, despite repeated requests. She was finally told to report to the company's property and given a paycheck on Friday, January 6, 2017, that was missing several hours of pay, including overtime hours worked, and misstated the pay period. When Plaintiff spoke to Defendant Behar at that time, Behar told Plaintiff to get off the company's property or Behar would call

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

the police. Behar subsequently emailed Plaintiff and suggested she retain an attorney. So she did.

15. Plaintiff was not paid one hour of regular wages and 6.23 hours of overtime wages, at a rate of $11.00 per hour.

16. Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**<u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u>** *et seq*

18. Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

19. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

20. By refusing to pay Plaintiff for hours worked, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

21. As a direct and proximate result of refusing to pay Plaintiff for hours suffered or permitted in Defendants' employ, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SARAH CLARK demands judgment in her favor and against Defendants as follows:

    a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

23. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

24. Defendants also willfully and intentionally refused to pay Plaintiff at the overtime rate of one-and-a-half times her regular rate of pay for all hours worked in excess of 40 per week.

25. Defendants owe Plaintiff the full overtime wage rate for all hours worked in excess of 40 per week.

26. As a direct and proximate result of refusing to pay Plaintiff at a rate of one-and-a-half times her regular rate of pay for hours suffered or permitted in Defendants' employ in excess of 40 per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SARAH CLARK demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty hours per week at the full overtime wage rate;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the full overtime wage rate owed under the FLSA;

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of January, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **January 11, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**CLARK v. RISE AGAIN RECOVERY AND WELLNESS, LLC and BEHAR**
**CASE NO.:**
**<u>Service List</u>**

**Robert W. Brock II, Esq.**
Fla. Bar No.: 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Emails: robert@kuvinlaw.com;
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808